**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARTURO ROJAS HERNANDEZ, | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-00057 |
| HALSTED FINANCIAL SERVICES, LLC, | |
| Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, ARTURO ROJAS HERNANDEZ, through undersigned counsel, complaining of Defendant, HALSTED FINANCIAL SERVICES, LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. ARTURO ROJAS HERNANDEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 172 Lakeside Drive, Unit 1928, Saint Charles, Illinois 60174.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6.     HALSTED FINANCIAL SERVICES, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Illinois.

7.     Defendant has its principal place of business at 8001 North Lincoln Avenue, Suite 500, Skokie, Illinois 60077.

8.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9.     Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.     In January of 2016, Plaintiff applied for The RoomPlace Credit Card.

11.     Upon approval, Comenity Bank issued Plaintiff a credit card bearing an account number ending in 5937.

12.     Plaintiff activated this card and began using his card for personal and household purchases.

13.     Plaintiff made no less than $4,749.09 in charges to this card.

14.     However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $4,749.09 balance was charged-off.

15.     On December 31, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.[2]

---

[1] Halsted Financial Services, LLC specializes in managing and servicing delinquent account receivables. https://halstedfinancial.com/about (last accessed January 5, 2021).

[2] Ch-7 JSB 19-36575 Arturo Rojas

16.     The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property.  For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtor.  Creditors cannot demand repayment from debtor by mail, phone, or otherwise.

17.     The schedules filed by Plaintiff included Comenity Bank/Harlem Furniture on Schedule F – Creditors Holding Secured Claims.

18.     On January 4, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent notice of Plaintiff's Chapter 7 bankruptcy case by Electronic Data Interchange (EDI)[3] to Comenity Bank/Harlem Furniture, Attn: Bankruptcy, P.O. Box 182125, Columbus, OH 43218-2125 on January 3, 2020 at 07:03:00.

19.     LVNV Funding LLC purchased Plaintiff's account, and Plaintiff's $4,749.09 balance was referred for collection.

---

[3] Upon execution of an agreement, the BNC transmits bankruptcy notices to high-volume notice recipients in the EDI format.  EDI is an electronic file format that supports the automated transmission and extraction of case data from notice files.  Through the Electronic Bankruptcy Noticing (EBN) Program, entities can receive notices via EDI, pursuant to the American National Standards Institute (ANSI) X12 175 Court Notice Transaction Set.  The BNC will transmit only the variable information in the notice (e.g., form identification codes, debtor names, 341 meeting locations), in lieu of the entire notice text.  The BNC can send the following types of notices via EDI: notice of meeting of creditors (341 notice), discharge notice, dismissal notice, and notice of assets generated by the courts' case management system (CM/ECF).  The remaining court-generated notices and orders would be sent via email.  EDI subscribers receive notices days faster than by U.S. mail.  Additionally, EDI subscribers are able to reduce their bankruptcy notice processing expenses by replacing manual data entry processes with automated procedures.  Fed. R. Bankr. P. 9036, which authorizes electronic noticing, requires the recipient to make a written request for electronic noticing.  The EBN agreement satisfies the rule requirements, and it describes the EDI noticing process.  The BNC software compares the entity's name and address included in the court's record with any names and addresses provided in the EBN agreement.  If there is a match, the notice will be sent electronically.  If there is no match, the BNC will send the notice via U.S. mail.  Thus, in order to maximize the effectiveness of EBN, it is important for an entity to enter its name and address exactly as it appears on bankruptcy court notices, along with any name and address variations that appear on bankruptcy court notices.

20.     Defendant mailed Plaintiff a letter, dated February 12, 2020 (the "Letter"), which stated:

3/2/2020

| Our Reference Number: 22325727 | Original Creditor Account Number:  XXXXXXXXXXXX5937 |
|---|---|
| Balance Due: $4,749.09 | Current Creditor Account Number: [REDACTED] |
| Original Creditor: Comenity Bank | Current Creditor To Whom Debt Is Owed: LVNV Funding LLC |

Dear ARTURO ROJAS,

LVNV Funding LLC has purchased your The RoomPlace account from Comenity Bank.

Your account has been placed by LVNV Funding LLC with our agency for collections.  Please contact us at 855-221-9737 ext. 701.  You do have options!

1)  We are offering a compromise of $3,324.36 to resolve this debt.  That's a savings of $1,424.73!

2)  If you cannot take advantage of the above offer, we can offer you a compromise of $4,274.18 in three payments of $1,424.72, $1,424.72 and $1,424.74 over three consecutive months.  That's a savings of $474.91!

This office is not obligated to renew these offers after 3/17/2020.  Please call us at 855-221-9737 ext 701 or visit www.halstedfinancial.com/payment-portal/ to make a payment.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Jonathan Volpert, Account Manager

21.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## DAMAGES

22.     The automatic stay is ***one of the fundamental debtor protections provided by the bankruptcy laws***.  It gives the debtor a breathing spell from her creditors.  It stops all collection efforts, all harassment, and all foreclosure actions.  It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove them into bankruptcy.

23.     Without question, Defendant's unlawful conduct deprived Plaintiff of one of his fundamental rights and led Plaintiff to believe his bankruptcy was for naught, causing anxiety, concern, and emotional distress.

24.     The harm to Plaintiff is obvious – denying Plaintiff the ability for new beginnings—without feeling harassed.

25.     Concerned with having had his rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

26.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

27.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2)     The false representation of –
>
> (A)     the character, amount, or legal status of any debt.
>
> (10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28.     The Letter asserted that Plaintiff's $4,749.09 balance was due and demanded that Plaintiff pay the debt.

29.     But at the time the Letter was sent, Plaintiff's $4,749.09 balance was not due and was not immediately collectible due to the automatic stay.

30.     It seems clear, then, that the Letter misrepresented the legal status of Plaintiff's $4,749.09 balance, and used false representation(s) to collect or attempt to collect Plaintiff's debt

in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10).  *See Randolph v. IMBS, Inc*., 368 F.3d 726,

728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after

the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of

the automatic stay (or discharge injunction), it is not."

### Violation of 15 U.S.C. § 1692f

31.     Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or
> attempt to collect any debt.  Without limiting the general application of the
> foregoing, the following conduct is a violation of this section:

> (1)     The collection of any amount (including any interest, fee, charge, or
> expense incidental to the principal obligation) unless such amount
> is expressly authorized by the agreement creating the debt or
> permitted by law.

32.     The filing of a bankruptcy petition automatically stays "any act to collect, assess,

or recover a claim against the debtor that arose before the commencement of the case under this

title." 11 U.S.C. § 362(a)(6).

33.     Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's

$4,749.09 balance) not permitted by 11 U.S.C. § 362(a)(6).

34.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1)

pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides

"any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices

Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1)     any actual damage sustained by such person as a result of such failure;

(2)

> (A)     in the case of any action by an individual, such additional damages
> as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B.     award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.     award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.     award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 5, 2021                               Respectfully submitted,

                                                                      **ARTURO ROJAS HERNANDEZ**

                                                                      By: */s/ Joseph S. Davidson*

                                                                      Joseph S. Davidson
                                                                      LAW OFFICES OF JOSEPH P. DOYLE LLC
                                                                      105 South Roselle Road
                                                                      Suite 203
                                                                      Schaumburg, Illinois 60193
                                                                      +1 847-985-1100
                                                                      jdavidson@fightbills.com